**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4368**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SHERRON ANTONIO DEGRAFFENREID, a/k/a Shaerron Degraffenried,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:12-cr-00254-BR-1)

Submitted:  November 21, 2013    Decided:  November 27, 2013

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherron Degraffenreid pled guilty, without a written plea agreement, to possessing a firearm after having been convicted of a felony, 18 U.S.C. § 922(g) (2012), and was sentenced to a within-Guidelines term of 37 months' imprisonment. He appeals, arguing that his sentence was unreasonable because the district court failed to address mitigating evidence he presented at sentencing.

In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted)).

At Degraffenreid's sentencing hearing, his attorney argued for a below-Guidelines sentence of 24 months — pointing out to the court, inter alia, Degraffenreid's excellent work history, his family's support, and serious injuries he had already sustained after an attack by another inmate. Degraffenreid addressed the court personally, apologizing for his conduct and also pointing out that he had remained in school after his indictment and completed a course to obtain his commercial driver's license.

We conclude, based on our review of the record, including the sentencing transcript, that the district court adequately considered the relevant § 3553(a) factors and explained its reasons for the chosen sentence. The court clearly took into consideration the specific arguments Degraffenreid's attorney made for a downward variance but found that a Guidelines sentence was appropriate.

Accordingly, we affirm Degraffenreid's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3